IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:05-CV-239-WKW |
| ) | (WO) |
| DEJUAN E. PATTERSON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on plaintiff's Motion for Default Judgment (Doc. # 11), filed on September 9, 2005. For reasons to be discussed, the court finds that the motion is due to be granted.

I.  FACTS AND PROCEDURAL HISTORY

On March 14, 2005, the United States filed a complaint against Patterson to collect overpayment of a tax refund that the government claims was premised on false and fraudulent misrepresentations by Patterson. Patterson was served with the complaint and summons on March 30, 2005. The defendant did not file an answer, and the government filed an Application to the Clerk for Entry of Default (Doc. # 9) on September 6, 2005. Default was entered by the clerk on September 7, 2005 (Doc. # 10). On September 9, 2005, the United States filed a Motion for Default Judgment, and the court issued an order to show cause why default judgment should not be entered. The defendant has not

1

responded.

## II.  DISCUSSION

The Federal Rules of Civil Procedure state that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk shall enter the party's default." F.R.Civ.P. 55(a). After the clerk enters default, "the party entitled to a judgment by default shall apply to the court therefor." Fed.R.Civ.P. 55(b)(2).

> The clerk's entry of default causes all well-pleaded allegations of facts to be deemed admitted. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir.1987). The Court must accept these facts as true and determine whether they state a claim upon which relief may be granted. *See Anheuser-Busch, Inc. v. Philpot,* 317 F.3d 1264, 1266 (11th Cir.2003).
> If the Court determines that default judgment can be granted, the Court then turns to the issue of damages. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1364 n. 27 (11th Cir.1997). "If, in order to enable the court to enter judgment . . . it is necessary to take an account or to determine the amount of damages . . . the court may conduct such hearings or order such references as it deems necessary and proper . . . ." Fed.R.Civ.P. 55(b)(2). However, the Court may award damages without a hearing where the "amount claimed is a liquidated sum or one capable of mathematical calculation," and there is "a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir.1985).

*Southeastern Carpenters and MillWrights Health Trust v. M & M Const.*, 2005 WL 1366485, *1 (M.D.Ala. 2005).

"In order for the United States to prevail in an action to recover an erroneous refund brought under 26 U.S.C. § 7405, the government must establish: 1) that a refund of a sum certain was made, 2) that the government"s recovery action is timely, and 3) that

the taxpayer is not entitled to the refund." *United States v. Foster*, 2002 WL 373345, *2 (E.D. Va. 2002) (citing *United States v. Commercial Nat'l Bank*, 874 F.2d 1165, 1169 (7th Cir. 1989)).

Accepting the government's factual allegations as true, the court finds that default judgment is due to be entered. The government alleges that Patterson falsely claimed a credit of $8,041 on his 1999 form 1040 for a Regulated Investment Company or Real Estate Investment Company and that Patterson did not receive an IRS Form 2439 from a legitimate Regulated Investment Company or Real Estate Investment Company for the 1999 tax year. "Form 2439 is a form that the Internal Revenue Service (Service) requires a regulated investment company (RIC) or a real estate investment trust (REIT) to file with the Service and to send to its shareholders with respect to its undistributed long-term capital gains." *Esposito v. C.I.R.*, 2004 WL 2181077, *1 (U.S. Tax Ct. 2004). "Form 2439 is intended for issuance by a RIC or REIT to report to the shareholder and the IRS the shareholder's share of long-term capital gains retained by the RIC or REIT and income tax paid by the RIC or REIT in respect to the capital gains. The retained capital gains are reported on the shareholder's return, and the shareholder claims the taxes paid by the RIC or REIT as a deemed payment." *Taylor v. United States*, 57 Fed.Cl. 264, *266 (Fed. Cl. 2003).

The government further contends that Patterson was not a shareholder in any legitimate Regulated Investment Company or Real Estate Investment Company for the

1999 tax year. The refund that was issued to Patterson based on his tax return was later discovered to be in error, and the government claims that Patterson is indebted to the United States for the amount of the overpayment, which is $8,041. The government notes, however, that Patterson has made some payments toward the debt, and that his subsequent tax overpayments have been applied to the debt, leaving him now owing $4,968 plus statutory interest thereon.

The government refers to 26 U.S.C. § 7405, which authorizes a civil action to recover erroneously refunded taxes. Part (d) of this statute refers to 26 U.S.C. § 6532(b), which sets out the time limits for bringing such suits. This time limit is generally two years from the date of the refund, but is five years if the refund was induced by fraud or misrepresentation. Accepting the government's allegations as true, the erroneous refund in question was induced by fraud or misrepresentation, so the five-year limit would apply. Patterson's refund check was issued on March 13, 2000. The complaint in this case was filed on March 14, 2005, five years and one day after the refund check was issued. The Supreme Court has held, however, that the time limit begins to run on the date the payment was received rather than the date the payment was issued. See *O'Gilvie v. United States*, 519 U.S. 79, 91 (1996) ("[T]he law ordinarily provides that an action to recover mistaken payments of money accrues upon the receipt of payment") (citation omitted). Therefore, assuming that Patterson would have received his refund at least one day after the check was issued, the court finds that the government's suit is timely.

All that remains is calculation of the judgment. Interest on erroneous refunds is calculated according to 26 U.S.C. § 6602. *See* 26 U.S.C. § 7405 (c). Therefore, the government is directed to submit an affidavit showing Patterson's current balance owed and demonstrating the applicable interest calculations.

### III.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1.  The plaintiff's Motion for Default Judgment (Doc. # 11) is GRANTED.

2.  The plaintiff shall file an affidavit calculating the default judgment owed by the defendant no later than March 10, 2006.

DONE this the 28th day of February, 2006.

          /s/   W.  Keith Watkins
UNITED STATES DISTRICT JUDGE